UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | | |
|---|---|---|
| CASE NO.: | CV 17-06579 SJO (SS) | DATE: December 14, 2017 |
| TITLE: | Amir Shaheed-Edwards et al v. Syco Entertainment, Inc. | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFFS:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                                           Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS** [Docket No. 16]**; (2) DENYING PLAINTIFFS' MOTION FOR EMERGENCY INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT** [Docket No. 18]

These matters are before the Court on: (1) Defendant Syco Entertainment, Inc.'s ("Defendant") Motion to Dismiss ("Motion") filed November 20, 2017; and (2) Plaintiffs Amir Shaheed-Edwards, Bravo's Partnership d/b/a M.I.A. Branding Bravo, and Mr. Edwards' (collectively, "Plaintiffs") Motion for Emergency Injunctive Relief ("Relief Motion") filed December 8, 2017. Neither party has filed an Opposition. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for December 18, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion is **GRANTED** and Plaintiffs' Relief Motion is **DENIED**.

I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed this action for copyright infringement on September 7, 2017 alleging that Defendant infringed the copyright of "All My Life," a musical composition owned and authored by Plaintiffs. (*See generally* Compl., ECF No. 1.) Plaintiffs filed a First Amended Complaint ("FAC") on November 7, 2017, alleging as follows. (ECF No. 14.)

Plaintiff Amir Shaheed-Edwards, known professionally as "Bravo," is a musical artist and songwriter. (FAC ¶ 8.) While doing business as "M.I.A. Branding Bravo," Bravo wrote and recorded "All My Life." (FAC ¶ 16.) Plaintiffs filed for copyright registration of "All My Life" on January 10, 2013, and are currently awaiting issuance of the registration. (FAC ¶ 15.) Defendant is a Delaware corporation engaged in the business of music licensing, recording, publishing, and marketing, with its principal place of business in New York. (FAC ¶ 10.)

On May 31, 2015, Plaintiffs released the recording of "All My Life" on a public digital streaming platform called SoundCloud. (FAC ¶ 16.) Two months later on July 31, 2015, a song named "Drag Me Down," performed by the band "One Direction," was released on Spotify. (FAC ¶¶ 2, 16.) "Drag Me Down" used "the same sequence of words and lyrics that Bravo used in 'All my Life'" as well as its "chorus, concept, and cadence." (FAC ¶ 18.) Plaintiffs became aware on or around

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 17-06579 SJO (SS)                    DATE: December 14, 2017

November 2016 that Defendant "created and publicized" and "reproduced, distributed, or publicly performed" the song "Drag Me Down" without obtaining authorization from Plaintiffs for the use of significant portions of Plaintiffs musical composition and thus infringed Plaintiff's copyright. (FAC ¶¶ 2, 17.)

On November 20, 2017, Defendants moved to dismiss the Complaint, claiming that: (1) Plaintiffs may not all proceed *pro se*; (2) the FAC contains no direct evidence of copying; (3) the FAC contains no plausible allegations of access; and (4) the FAC fails to allege substantial similarity. (*See generally* Mot., ECF No. 16.) Plaintiffs did not oppose the Motion, but filed the Relief Motion requesting an injunction against Defendant December 8, 2017. (*See generally* Relief Mot., ECF No. 18.) Because Plaintiffs have failed to state a claim for copyright infringement for the reasons stated below, the Court grants Defendant's Motion and denies as moot Plaintiffs' Relief Motion.

II.  DISCUSSION

   A.   Plaintiffs' Pro Se Status

As an initial matter, it is unclear from both the FAC and supporting documents which people or entities are bringing the claims. Three Plaintiffs are listed on the FAC: (1) Amir Shaheed-Edwards (professionally known as "Bravo"); (2) Bravo's Partnership d/b/a M.I.A. Branding Bravo; and (3) Mr. Edwards. (*See* FAC 1.) It appears from the language in the FAC that Amir Shaheed-Edwards and Mr. Edwards are the same person, also known as "Bravo." (*See* FAC ¶ 9 ["Mr. Edwards a/k/a Bravo is a copyright owner and claimant in and to the musical composition 'All My Life'"].) While Bravo's Partnership is not identified as a party to the action within the FAC itself, Plaintiffs allege that Bravo recorded "All My Life" while doing business as "M.I.A. Branding Bravo." (FAC ¶ 16.)

A *pro se* plaintiff, however, may not represent any entity other than himself. *See* L.R. 83-2.10. A business or corporate entity must be represented by an attorney permitted to practice before the Court. L.R. 83-2.10.1. As only one plaintiff may be admitted *pro se*, and Amir Shaheed-Edwards appears to be the sole legitimate plaintiff, the Court **DISMISSES** Plaintiffs Bravo's Partnership d/b/a M.I.A. Branding Bravo and Mr. Edwards as parties to the action.

   B.   Plaintiffs' Copyright Claims

Under Rule 12(b)(6), an action may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, the court must accept as true all "well-pleaded factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and construe these well-pleaded factual allegations in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 17-06579 SJO (SS)                DATE: December 14, 2017

"The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content', and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To prevail on a claim for copyright infringement, Plaintiffs must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012). "Because direct evidence of copying is not available in most cases, a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar." *Id.* (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996)).

        1.      <u>Access to Plaintiff's Work</u>

When, as here, no direct evidence of copying is provided, "a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindeim*, 919 F. 2d 1353, 1356 (9th Cir. 2009). Access may be proven by evidence either of a particular chain of events establishing the defendant's access to plaintiff's work or widespread dissemination of plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Typically, circumstantial evidence that meets this standard comes in two forms: (1) evidence of a chain of events linking the plaintiff's work with defendants' access to that work, and (2) evidence that a plaintiff's work has been widely disseminated. *Id.*

Plaintiffs allege that Defendant "accessed Bravo's composition 'All My Life' through Sound Cloud[,]" a digital streaming platform "which can be viewed by the general public at https://soundcloud.com/you/tracks." (FAC ¶¶ 16, 20.) Plaintiffs do not provide any factual allegations that would demonstrate a chain of events leading to Defendant's access of the work, nor do Plaintiffs provide any information regarding the musical composition's dissemination or listenership. Plaintiffs have thus failed to plausibly allege that Defendant had access to Plaintiffs' work and cannot sustain a claim for copyright infringement.

\\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 17-06579 SJO (SS)                         DATE: December 14, 2017

2.   Substantial Similarity

In addition to access, Plaintiffs must also show that "the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Substantial similarity is determined first by applying the "extrinsic test," an "objective comparison of specific expressive elements [that] focuses on the articulable similarities between the two works." *L.A. Printex Indus., Inc.*, 676 F.3d at 848. Second, the "intrinsic test" analyzes whether a reasonable person would determine the works are substantially similar due to the strong extrinsic similarities. *Id.* "Only the extrinsic test is assessed prior to a jury trial (i.e., in a motion to dismiss or on summary judgment) because the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1133 n. 8 (C.D. Cal. 2007) (internal quotations omitted); *see also Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). Under the extrinsic test, the Court "must take care to inquire only whether the protectable elements, standing alone, are substantially similar." *Cavalier*, 297 F.3d at 822. For example, ideas, scènes à faire (standard features), and unoriginal components aren't protectable. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443-45 (9th Cir.1994).

Plaintiffs allege that "Drag Me Down" used "the same sequence of words and lyrics that Bravo used in 'All my Life'" as well as its "chorus, concept, and cadence." (FAC ¶ 18.) Specifically, "Drag Me Down" used the lyrics "all my life" and "cadence." (FAC ¶ 18.) These two short lyrics alone, however, are insufficient to allege substantial similarity as they are unprotectable commonly used phrases. *See Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection."). Further, Plaintiffs' allegations that the chorus, concept, and cadence of the two songs are similar are merely conclusory and cannot be sustained without more specificity. Accordingly, Plaintiffs have failed to state a claim for copyright infringement based on substantial similarity between the two works.

III.   RULING

For the foregoing reasons, Defendant's Syco Entertainment, Inc.'s Motion to Dismiss is **GRANTED**. Plaintiffs Amir Shaheed-Edwards, Bravo's Partnership d/b/a M.I.A. Branding Bravo, and Mr. Edwards' (collectively, "Plaintiffs") Motion for Emergency Injunctive Relief is **DENIED** as moot. Further, Plaintiff Bravo's Partnership d/b/a M.I.A. Branding Bravo and Plaintiff Mr. Edwards are hereby **DISMISSED** as parties to the action. Plaintiff Amir Shaheed-Edwards may file a Second Amended Complaint within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.